# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| LORI ANN JAMES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:16-01026-CV-RK |
| | ) |
| CAROLYN A. COLVIN, ACTING | ) |
| COMMISSIONER OF SOCIAL | ) |
| SECURITY ADMINISTRATION[1], | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff's appeal seeking judicial review of a final decision of the Defendant Commissioner of Social Security ("Commissioner") denying disability benefits. The decision of the Commissioner is **REMANDED.**

### Standard of Review

The Court's review of the Commissioner's decision to deny disability benefits is limited to determining if the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *KKC v. Colvin*, 818 F.3d 364, 374 (8th Cir. 2016) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008); *see also* 42 U.S.C. § 405(g). "Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the [Commissioner's] conclusion." *Gann v. Berryhill*, 864 F.3d 947, 950 (8th Cir. 2017). In determining whether existing evidence is substantial, the Court takes into account "evidence that both supports and detracts from the ALJ's decision." *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2016) (quoting *Perkins v. Asture*, 648 F.3d 892, 897 (8thCir. 2011). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014) (quoting *Davis*, 239 F.3d at 966). The Court does not re-weigh the evidence presented to the ALJ. *Reece v. Colvin*, 834 F.3d 904, 908 (8th Cir. 2016). The Court should

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017, however, for consistency purposes, the case style in this legal action remains as originally filed.

"defer heavily to the findings and conclusions of the [Commissioner]." *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015) (quotation and citation omitted).

**Discussion**

By way of overview, the ALJ determined the Plaintiff suffered from the following severe impairments: fibromyalgia, bilateral knee osteoarthritis, and obesity. The ALJ also determined that Plaintiff has the following non-severe impairment: depression. However, the ALJ found that none of Plaintiff's impairments, whether considered alone or in combination, meet or medically equals the criteria of one of the listed impairments in 20 CFR Pt. 404. Subpt. P, App. 1 ("Listing"). Additionally, the ALJ found that despite her limitations, Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work with the following limitations: Plaintiff has the capacity to lift twenty pounds occasionally and ten pounds frequently; Plaintiff can walk two hours in an eight-hour workday; Plaintiff cannot climb ladders, ropes, or scaffolds; Plaintiff cannot work at unprotected heights or around hazardous machinery; Plaintiff can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, or crawl; and Plaintiff requires the use of a cane to move about the workplace. The ALJ found Plaintiff was able to perform past relevant work, and therefore was not disabled from August 30, 2009, thru December 31, 2014.

On appeal, the Plaintiff's strongest argument in support of reversing the ALJ's decision is whether the ALJ failed to develop the record and whether such failure prejudiced the Plaintiff. The Plaintiff argues the medical opinion of clinical examiner Dr. Palizzi is missing at least one page; therefore, potentially crucial medical information was not considered by the ALJ in making the disability determination. Plaintiff argues the ALJ should have sought clarification from Dr. Palizzi regarding the apparent missing page(s) in Dr. Palizzi's medical opinion. As a result Plaintiff argues, and this Court agrees, the ALJ did not fully develop the record and remand is necessary.

Upon review, the record appears to be missing at least one page.[2] It is proper to remand an ALJ's decision when the record is not fully developed. *See Snead v. Barnhart,* 360 F.3d 834,

---

[2] In the record, pages 303-304 of Dr. Palizzi's opinion do not read cohesively. The applicable sentences on pages 303-304 read as follows: "*The claimant denies any specific injury but states she had worsening knee pain over the years and there are clinic notes* [end of page 303] *could be expected to perform these only on occasion this is because of her knee arthritis.*" It appears from this inconsistency that at least one page is missing from the record.

838-39 (8th Cir. 2004) (the ALJ has a duty to fully develop the record whether the claimant has retained an attorney or not and independent of the claimant's burden to prove her case) (the ALJ failed to fully develop the record when the ALJ did not explicitly examine whether the plaintiff's heart condition interfered with the plaintiff's ability to maintain employment and remand was required).

While the ALJ has a duty to develop the record, reversal for failure to develop the record is only required when the failure is unfair or prejudicial to the plaintiff. *Ellis v. Barnhart,* 392 F.3d 988, 994 (8th Cir. 2005). In general, courts have held that if the missing page(s)'s evidence is presented for the ALJ to consider when making the disability determination, the plaintiff is not prejudiced even if the missing evidence was not in the original record. *See Perez v. Secretary of Health, Education, and Welfare,* 622 F.2d 1, 3 (1st Cir. 1980) ("it is nevertheless apparent from the ALJ's decision that he considered such evidence…counsel supplied missing pages to the district court….although it might have been preferable for the Secretary to have transmitted such documents in a supplemental certified transcript, the procedure followed allowed for full and fair consideration of Perez's claims"). Unlike in *Perez,* here the missing evidence was not presented to the ALJ at any point for consideration in making Plaintiff's disability determination. The Defendant argues the ALJ did not fail to develop the record because sufficient evidence existed in the record for the ALJ to make the disability determination. Further, the Defendant argues that even if the ALJ did fail to fully develop the record, the Plaintiff was not prejudiced by this failure, so remand is not warranted. The Defendant relies on *Ellis v. Barnhart* to show the missing page(s) in the record did not prejudice the Plaintiff. However, *Ellis v. Barnhart* is distinguishable from this case. In *Ellis,* the plaintiff did not allege the record was missing any relevant medical records, and additionally, the ALJ left the record open for an additional thirty days to allow the plaintiff to supplement the record if plaintiff so chose. *392 F.3d at 994.* However, unlike in *Ellis,* the Plaintiff has alleged the record is missing at least one page and the ALJ did not allow the Plaintiff to supplement the record with the missing evidence. Because the contents of the missing page(s) are unknown, the Court cannot determine if the evidence contained therein would have caused the ALJ to arrive at a different conclusion, thus prejudicing the Plaintiff. The Court is unable to make this determination, so the matter is remanded to allow the ALJ to fully develop the record in regard to Dr. Palizzi's medical opinion.

**Conclusion**

Having carefully reviewed the record before the Court and the parties' submissions on appeal, the Court **REMANDS** the Commissioner's decision. Accordingly, this matter is remanded for the ALJ to fully develop the record.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark  
ROSEANN A. KETCHMARK, JUDGE  
UNITED STATES DISTRICT COURT

DATED: December 1, 2017